# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **AHMED BAKERY, INC. d/b/a** | ) | |
| **BABYLON'S MARKET AND BAKERY** | ) | |
| **and AHMED HAMZAH, on behalf of** | ) | |
| **themselves and all others similarly** | ) | **Civil Action File No.** |
| **situated,** | ) | **1:17-cv-02078-AT** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LEASE FINANCE GROUP, LLC and** | ) | |
| **NORTHERN LEASING SYSTEMS,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Now come Defendants LEASE FINANCE GROUP, LLC ("Lease Finance")

and NORTHERN LEASING SYSTEMS, INC. ("Northern Leasing") and submit

this brief in support of their motion to dismiss pursuant to Rules 12(b)(2) and

12(b)(6) of the Federal Rules of Civil Procedure.[1]

---

[1] Defendants have also filed a motion to transfer this action pursuant to 28 U.S.C. § 1404(a). By filing this motion to dismiss, Defendants do not waive their right to object to venue or to have venue transferred to the United States District Court for the Southern District of New York. However, the motion to transfer does not stay Defendants' deadline for responding to the Complaint. Thus, Defendants timely file their motion to dismiss.

## <u>Statement of Allegations and Facts</u>[2]

Plaintiffs brought this putative class action, asserting six causes of action against Defendants, all based on or relating to a Lease Agreement between Plaintiffs and Defendant Lease Finance. (*See generally*, Complaint, DE 1-1.) Plaintiffs are both located in the State of Michigan (*id.* at ¶¶ 1-2), and Defendants are both located in the State of New York (*id.* at ¶¶ 3-4).

On October 28, 2014, Plaintiff Ahmed Bakery, Inc. (the "Bakery") entered into a non-cancellable Lease Agreement with Defendant Lease Finance. (*Id.* at ¶ 10.) The Lease Agreement reflects that Plaintiff Hamzah executed the Lease Agreement on behalf of the Bakery. (Lease Agreement, Exhibit 1, p. 1.)[3] The Lease Agreement included a personal guaranty (the "Guaranty"), executed by Hamzah. (*Id.*) The Lease Agreement contains Hamzah's electronic signature and reflects an IP address of 69.14.89.46. (*Id.* at p. 3.)

The Lease Agreement and all associated disputes are governed by New York State law. (*Id.* at p. 2.) The term "Disputes" is defined broadly in the Lease Agreement as "all actions, proceedings, and matters in dispute between you and us,

---

[2] Defendants do not admit the allegations of the Complaint by citing to them herein.

[3] The Court may consider the Lease Agreement in connection with Defendants' 12(b)(6) motion without converting it into a motion for summary judgment under Rule 56 because the Court may consider documents attached to a motion to dismiss if the attached document is (1) central to the plaintiff's claim and (2) undisputed, meaning that the authenticity is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). That is the case here.

whether arising from or relating to the Lease itself, or arising from alleged extra-contractual facts prior to, during, or subsequent to the Lease." (*Id.*)

Under the Lease Agreement, among other things, the Bakery was required to make monthly payments in exchange for the lease of certain equipment that would allow the Bakery to process credit card payments. (Complaint, ¶¶ 11-12.) Plaintiffs allege that they did not execute the Lease Agreement or Guaranty. (*Id.* at ¶ 13.) Plaintiffs do not deny, however, that the Lease Agreement established the terms relevant to Plaintiffs' lease, payment for the equipment, and the Guaranty. (*Id.* at ¶¶ 11-15.) Plaintiffs allege that, at the time they entered into the Lease Agreement and Guaranty with Lease Finance, they were also parties to a five-year lease agreement concerning other credit card processing equipment with Defendant Northern Leasing. (*Id.* at ¶ 16.)

Plaintiffs claim that Defendants were billing excessive amounts under both lease agreements. (*Id.* at ¶ 18.) Plaintiffs allege they attempted to contact the Defendants, and demand that their lease agreements be terminated and all payments under the lease agreements be refunded. (*Id.* at ¶ 19.) Defendants refused to comply with these demands. (*Id.* at ¶ 20.)

The Complaint is cast in six counts, as follows:

Count One – Fraud;

Count Two – Negligent Misrepresentations;

Count Three – Concealment;

Count Four – Money Had and Received;

Count Five – Unjust Enrichment; and

Count Six – Unconscionability.

Plaintiffs allege numerous times that Defendants made false statements to Plaintiffs, or concealed material facts from Plaintiffs, and that Defendants are liable to Plaintiffs. (*See, e.g.*, *id.* at ¶¶ 35, 41, 48.) Plaintiffs fail to identify what false statements were made, however, and what material information Defendants concealed. (*See generally*, *id.*) Plaintiffs seek legal and equitable relief against Defendants, including compensatory and punitive damages, restitution, attorney's fees, and rescission. (*See, e.g.*, *id.* at ¶ 39.)

## Argument and Citations of Authority

**I.    Plaintiffs' Complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.**

In considering Defendants' motion to dismiss under Rule 12(b)(6), the Court should consider whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 874 (11th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible when [the Court] can 'draw the reasonable inference that the defendant is liable for the misconduct

4

alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). In contrast, "[a] complaint is subject to dismissal under Rule 12(b)(6) where it appears that the facts alleged fail to state a 'plausible' claim for relief." *Rowe v. Gary, Williams, Parenti, Watson & Gary, P.L.L.C.*, 181 F. Supp. 3d 1161, 1165 (N.D. Ga. 2016) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007)).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. Thus, the "plausibility" pleading standard requires Plaintiffs' Complaint to provide more than "labels[,] conclusions, and a formulaic recitation of the elements of a cause of action." *Rowe*, 181 F. Supp. 3d at 1166 (quoting *Twombly*, 550 U.S. at 555).

When considering whether Plaintiffs have stated a claim, the Court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678-79). "[C]ourts may infer from factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682).

Applying these principles here, it is clear that Plaintiffs have failed to state a claim, and the Complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The alleged causes of action are based on "'naked assertion[s]' devoid of 'further factual enhancement,'" beyond a bare recital of the elements of their claims. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Accordingly, the Complaint should be dismissed.

### A.   Plaintiffs do not plead fraud with particularity.

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard for claims based on fraud.  Fraud claims must be pled with particularity.  *Rowe*, 181 F. Supp. 3d at 1166 (citing *Ambrosia Coal & Constru. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007)).  "A plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what defendants gained by the alleged fraud."  *Id.* (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). "In a case involving multiple defendants, the complaint may not lump together all of the defendants, as 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'"  *Id.* (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)).

6

Here, Plaintiffs failed to meet any of these requirements in alleging a cause of action for fraud. Indeed, Plaintiffs merely allege that Defendants "willfully and knowingly made, or caused to be made, affirmative misrepresentations of material facts in furtherance of [a] scheme" "to entrap Plaintiffs into highly overpriced leases with extremely onerous terms." (Complaint, ¶ 35.) Plaintiffs fail to differentiate at all between Defendant Lease Finance and Defendant Northern Leasing, pleading each claim in the collective against "Defendants."

There is not a single allegation in the Complaint specifying what the alleged misrepresentation was, who made the allegedly false statements and to whom, and when these statements occurred. *Rowe*, 181 F. Supp. 3d at 1185 ("Rule 9(b) requires that Plaintiffs state the time, place, and content of the misrepresentations, as well as who made the misrepresentations and to whom.…") "Although specific allegations of time and place are not required…in the absence of these specifications, a plaintiff should use alternative means of injecting precision and some measure of substantiation into the allegations of fraud." *Id.* at 1186 (quoting *Antilles Trading Co., S.A. v. Sci.-Atlanta, Inc.*, 117 F.R.D. 447, 450 (N.D. Ga. 1986)).

Because Plaintiffs fail to plead fraud with particularity, Count One (Fraud) of the Complaint should be dismissed.

**B.      Plaintiffs do not plausibly allege a cause of action for negligent misrepresentation.**

Under New York law, to assert a claim for negligent misrepresentation, the plaintiff is required to demonstrate: "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Ginsbur Development Companies, LLC v. Carbone*, 134 A.D.3d 890 (N.Y. App. Div. 2015). Plaintiffs fail to plead facts plausibly showing that Defendants are liable for negligent misrepresentations to Plaintiffs.

Plaintiffs' only allegation to attempt to show that Defendants had a special duty to impart correct information to them is that "Defendants had superior knowledge not available to Plaintiffs." (Complaint, ¶ 42.) But Plaintiffs do not indicate what knowledge Defendants possessed to support this duty. Plaintiffs do state that Defendants concealed "the true value of the leased equipment" from Plaintiffs. However, under New York law, "a company's knowledge of the particulars of its own business is not the type of unique or specialized knowledge" that can create a duty. *MBIA Ins. Co. v. GMAC Mortg. LLC*, 30 Misc. 3d 856, 864 (N.Y. Sup. Ct. 2010). Thus, Plaintiffs have failed to adequately plead a duty on the Defendants to impart correct information to them.

Similarly, the Complaint does not specify any affirmative statement by Defendants that was incorrect. Thus, Plaintiffs fail to meet the second element

necessary to state a claim for negligent misrepresentation under New York law. Because Plaintiffs fail to allege a plausible entitlement to relief under a theory of negligent misrepresentation, Count Two of the Complaint should be dismissed.

### C. Plaintiffs do not plausibly allege a cause of action for concealment.

Presumably, in asserting a cause of action for "Concealment," Plaintiffs intended to assert a claim for "fraudulent concealment." Accordingly, Count Three of the Complaint is also subject to the heightened pleading standard under Rule 9(b). Under New York Law, an action for fraud may be predicated on acts of concealment, but only if the defendant is under a duty to disclose material information. *Dembeck v. 220 Cent. Park South, LLC*, 33 A.D. 3d 491, 492 (N.Y. App. Div. 2006). But, "[a] fiduciary relationship does not exist between parties engaged in an arm's-length business transaction." *Id.*

Plaintiffs plead no facts to indicate anything but an arm's-length transaction. Thus, Plaintiffs fail to meet the heightened pleading standard and plausibly show that Defendants were under a duty to disclose material information. Therefore, Plaintiffs do not state a claim for fraudulent concealment, and Count Three of the Complaint should be dismissed.

### D. Plaintiffs do not plausibly allege a cause of action for money had and received or unjust enrichment.

Under New York law, "the essential elements of a cause of action for money

had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from the receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money." *Lebovits v. Bassman*, 120 A.D.3d 1198 (N.Y. App. Div. 2014). "A cause of action for money had and received sounds in quasi contract and arises when, in the absence of an agreement, one party possesses money [that belongs to another and that] in equity and good conscience it ought not retain." *Gillon v. Traina*, 70 A.D. 3d 1443 (N.Y. App. Div. 2010). "An action for money had and received does not lie where there is an express contract between the parties." *Egnotovich v. Katten Muchin Zavis & Roseman LLP*, 55 A.D.3d 462, 464 (N.Y. App. Div. 2008).

"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *GFRE, Inc. v. U.S. Bank, N.A.*, 130 A.D.3d 569 (N.Y. App. Div. 2015). A cause of action for unjust enrichment is untenable when a valid contract exists governing the subject matter in dispute. *G & G Investments, Inc. v. Revlon Consumer Products Corp.*, 283 A.D.2d 253, 253 (N.Y. App. Div. 2001).

Here, Plaintiffs have alleged the existence of a Lease Agreement and written Guaranty between Plaintiffs and Defendants. Although Plaintiffs contend they did not sign the Lease, they do not deny that the written contracts govern the terms of

their relationship. Moreover, Plaintiffs acknowledge that they received equipment under the Lease Agreement and made monthly payments pursuant to the Lease Agreement.

Because there can be no cause of action for money had and received or unjust enrichment in the face of a contract, Counts Four and Five of the Complaint are subject to dismissal.

### E.   Plaintiffs do not plausibly allege a cause of action for unconscionability.

Plaintiffs' claim for unconscionability is also subject to dismissal. "The doctrine of unconscionability is to be used as a shield, not a sword, and may not be used as a basis for affirmative recovery." *Super Glue Corp. v. Avis Rent A Car System, Inc.*, 132 A.D. 2d 604, 606 (N.Y. App. Div. 1987); *see also Colonial Funding Network, Inc. for TVT Capital, LLC v. Epazz, Inc.*, ---F. Supp. 3d---, 2017 WL 1944125, * 7 (S.D.N.Y. May 9, 2017) ("Under New York law, unconscionability is an affirmative defense to the enforcement of a contract."). "Under both the UCC and common law, a court is empowered to do no more than refuse enforcement of the unconscionable contract or clause." *Super Glue*, 132 A.D. 2d at 606; *see also Cowin v. Equipment Co., Inc. v. General Motors Corp.*, 734 F.2d 1581 (11th Cir. 1984) (no affirmative relief available for an unconscionable contract).

The one exception is that UCC 2-A-108(2) does provide affirmative relief, in the context of consumer leases, if the lease contract was induced by unconscionable conduct or unconscionable conduct has occurred in the collection of a claim arising from a lease contract. *See* N.Y. U.C.C. Law § 2-A-108 (McKinney). A "consumer lease" is defined as "a lease that a lessor[,] regularly engaged in the business of leasing or selling[,] makes to a lessee who is an individual and who takes under the lease primarily for personal, family, or household purposes." N.Y. U.C.C. Law § 2-A-103(e). Nothing in the Complaint supports a conclusion that the Lease Agreement was a consumer lease.

Indeed, the face of the Lease Agreement expresses the parties' intention for the Lease Agreement to be a non-consumer finance lease. (Lease Agreement, p. 2, ¶ 6.) Plaintiffs specifically acknowledge that the equipment was "being leased for commercial…purposes only and not for personal, family, or household purposes." (*Id.*) Plaintiffs further agreed that they were not "consumers" with respect to the Lease Agreement, and that neither the Lease Agreement nor the Guaranty should be construed as a "consumer lease." (*Id.*) Because the Lease Agreement is not a consumer lease, Plaintiffs cannot maintain a cause of action for unconscionability against Defendants.

Even if the Lease Agreement were construed as a consumer lease, which it is not, Plaintiffs have still failed to state a claim for relief under a theory of

unconscionability. "In general, an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforceable because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Emigrant Mortg. Co., Inc. v. Fitzpatrick*, 95 A.D.3d 1169, 1169-70 (N.Y. App. Div. 2012). Thus, there are two elements to an unconscionable contract: procedural and substantive unconscionability. *Id.* at 1170.

The Complaint does not allege any meaningful facts with respect to either procedural or substantive unconscionability. The only factual allegation regarding the contract formation process is that Hamzah "allegedly executed" the Lease Agreement. (Complaint, ¶ 10.) Otherwise, Plaintiffs offer only conclusory allegations that Defendants have "vastly superior bargaining strength" and "great business acumen and experience" "in relation to Plaintiffs." (*Id.* at ¶¶ 60, 62.) Plaintiffs do not allege any facts to support these conclusions.

Plaintiffs' allegations regarding substantive unconscionability are likewise conclusory. Although Plaintiffs state that the Lease Agreement imposed "adhesive, unfair, and draconian terms," Plaintiffs do not quote, paraphrase, or allude to any specific contractual term. (*Id.* at ¶ 58.) Similarly, Plaintiffs claim that the contract terms are inconspicuous, incomprehensible, oppressive, and commercially unreasonable, without attempting to explain why or how this is the case. (*Id.* at ¶

13

62.) These conclusory allegations, without more, are insufficient to sustain a cause of action for unconscionability.

Moreover, Defendants have placed the Lease Agreement before the Court, and the Court may consider the precise terms of the purportedly unconscionable agreement. *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits [to the complaint] contradict the general and conclusory allegations of the pleading, the exhibits govern.") A review of the Lease Agreement demonstrates that there are no inconspicuous, incomprehensible, oppressive, or commercially unreasonable terms.

In short, Count Six is subject to dismissal because unconscionability is not a viable cause of action for the Lease Agreement, which is not a consumer finance agreement. However, even if it were a consumer finance agreement, Plaintiffs have failed to allege facts to show a plausible claim for relief.  Accordingly,  Count  Six of the Complaint should be dismissed under Rule 12(b)(6).

## II.     Plaintiffs' claims against Defendant Lease Finance should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over Lease Finance.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (emphasis added)

(quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Here, the only fact Plaintiffs allege regarding Lease Finance's contacts with the State of Georgia is that "LFG [is] in fact doing substantial business in the State of Georgia." (Complaint, ¶ 5.) However, as Plaintiffs tacitly acknowledge, Lease Finance is not registered to do business in the State of Georgia. (*Id.* (alleging that Defendant Northern Leasing is registered to do business in the State of Georgia).) Plaintiffs do not allege any facts to show that the transactions (the Lease Agreement or the Guaranty) or allegedly wrongful acts occurred in the State of Georgia or have any logical connection with the State of Georgia. Thus, Plaintiffs have failed to meet their initial burden of alleging facts in the Complaint to make out a prima facie case of jurisdiction in the State of Georgia or in this Court.

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."[4] *Diamond Crystal*, 593 F.3d at 1257 (quoting *Mazer*, 556 F.3d at 1274). Georgia's long-arm statute, O.C.G.A. § 9-10-91, controls questions of personal jurisdiction

---

[4] Contrary to the former interpretation by the Eleventh Circuit, Georgia's long-arm statute does not grant personal jurisdiction to the maximum extent allowed by the Due Process Clause. *Diamond Crystal*, 593 F.3d at 1257.

over nonresidents of Georgia. The Complaint does not allege sufficient facts supporting jurisdiction under Georgia's long-arm statute.

Under O.C.G.A. § 9-10-91, Georgia courts may exercise personal jurisdiction over nonresidents "as to a cause of action arising from any of the acts [or] omissions" addressed in that code section "in the same manner as if he or she were a resident of [Georgia], if in person or through an agent, he or she" does any of the following (relevant to this action):

(1)   Transacts any business within Georgia;

(2)   Commits any tortious act or omission in Georgia;

(3)   Commits a tortious injury in Georgia caused by an act or omission outside of Georgia if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia; or

(4)   Owns, uses, or possesses any real property situated in Georgia.

*Id.* "[A]n out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction." *Id.* at 1259 (quoting *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames Iowa*, 279 Ga. 672 (2005)).

The only basis Plaintiffs appear to assert to support personal jurisdiction over Lease Finance is that Lease Finance "do[es] substantial business in the State

of Georgia." (Complaint, ¶ 5.) This is not enough, however, to confer personal jurisdiction over a nonresident.

Georgia's long-arm statute does not confer personal jurisdiction as a general matter over any nonresident who has ever transacted business in the State of Georgia, or even one who recently transacted business in Georgia. The relevant question is "whether [defendant] transacted any business in Georgia in a matter than gave rise to [the plaintiff's] cause of action. *Diamond Crystal*, 593 F.3d at 1264. In other words, "Georgia's long-arm statute permits jurisdiction where a plaintiff's cause of action 'arises out of' a nonresident defendant's transaction of any business within Georgia." *Id.* (quoting O.C.G.A. § 9-10-91(1)).

There is no allegation suggesting that Plaintiffs' cause of action arises out of Lease Finance's alleged transaction of business in the State of Georgia. Therefore, Plaintiffs fail to meet their burden of establishing personal jurisdiction over Lease Finance. Accordingly, each of Plaintiffs' claims against Lease Finance is subject to dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## <u>Conclusion</u>

Based on the foregoing, Defendants Lease Finance Group, LLC and Northern Leasing Systems, Inc. pray that their motion to dismiss be granted.

This 30th day of June, 2017.

*s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.

Georgia Bar No. 415129
Steven D. Henry
Georgia Bar No. 348040
Dorothy H. Cornwell
Georgia Bar No. 552635

Attorneys for Defendants

SMITH MOORE LEATHERWOOD LLP
Regions Plaza
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 962-1000 - *Telephone*
(404) 962-1200 - *Facsimile*
*marshall.kent@smithmoorelaw.com*
*steven.henry@smithmoorelaw.com*
*dorothy.cornwell@smithmoorelaw.com*

<u>LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing motion filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

This 30th day of June, 2017.


                                        <u>*/s/ G. Marshall Kent, Jr.*</u>
                                        G. Marshall Kent, Jr.


SMITH MOORE LEATHERWOOD LLP
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone: 404-962-1000
Facsimile: 404-962-1200

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2017, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel:

E. Adam Webb
G. Franklin Lemond, Jr.
WEBB, KLASE & LEMOND, LLC
1900 The Exchange, S.E., Suite 480
Atlanta, Georgia  30339

This 30th day of June, 2017.

*/s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.

SMITH MOORE LEATHERWOOD LLP
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
Phone: 404-962-1000
Facsimile: 404-962-1200